The first matter on the calendar is United States v. Duarte, 17282. Mr. Williams. Good morning, everyone. Sentencing disparity is a serious and persistent problem in the criminal justice system, as we all know. Federal sentencing law reflects a consensus that defendants who commit similar crimes and have similar backgrounds should receive similar sentences. The two statutes that I am referring to specifically are 3553A6, which provides... Your client is stuck with an appeal waiver, is that right? He signed an appeal waiver, Your Honor. So why should we consider any of these arguments that I think you're alluding to in view of the appeal waiver? Because the court was required to state in open court the reasons for its imposition of a particular sentence under 3553C1. But your client agreed not to appeal a sentence, even one that was imposed in violation of law. No, the appeal waiver that he signed was a general waiver, Your Honor. He didn't sign an appeal waiver that said, I hereby waive any appeal of any sentence no matter how it was imposed, and even if it was imposed in violation of Federal law. What other argument do you have to challenge an appeal of a sentence other than that it was imposed in violation of law? That's my position about why the... My point is, you're saying that he didn't get told specifically that he was waiving challenges to sentences in violation of law. And I'm asking you, what other ground could you challenge a sentence other than that it was in violation of law? On these facts, none. In general. So I'm saying I'm not sure I'm accepting or I'm not seeing any way your argument that the lack of specificity denied him information so that his plea wasn't knowing or his waiver wasn't knowing. There are exceptions to plea waivers, Your Honor. There are, indeed. You're saying that the reason this was not a waiver, wasn't a knowing waiver, was he wasn't told it applied to legal arguments. And I'm asking you, what other challenges are there to sentences other than that the Court didn't follow the law in imposing sentence? Okay, I'm not making myself clear. Why don't you go on with your argument? Okay, I'm sorry. Regardless of that, so the Court said to Duarte, you have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. However, a defendant may waive those rights as part of a plea agreement, and she goes on to make sure that he's making a knowing waiver. So the District Court seems to directly have said, even if it wouldn't... Even if, I think as Judge Radji is suggesting, it maybe didn't have to, but even it did seem to say, you're waiving your right to challenge a sentence that you think is contrary to law. Did it not? That's not what the written waiver said. So he was told in... So you acknowledge that he was told in court that he was waiving his sentence is contrary to law. And the written waiver says that he's waiving his rights to appeal a sentence under Title 18, Section 3742. Right. Title 18, Section 3742 says you have an appeal if it's imposed contrary... If the sentence is imposed contrary to law, does it not? Yes, but if criminal defendants are required to sign plea waivers, I mean appeal waivers, in order to get a particular sentence to resolve their case, and those waivers are enforced no matter how a judge disregards the law. That seems to me to be fundamentally unfair. So there are limitations, actually, you mentioned one, if there's a racial bias, for example, but they're very narrowly circumscribed exceptions. I agree. So you agree with that, and the bases that you are articulating for avoiding the consequences of this appeal waiver don't seem to me, at least, but maybe you can educate me, to fit into these very narrowly circumscribed exceptions that we've identified. There is an exception, Your Honor, described by this Court that says waivers will not be enforced if the Court abdicates judicial responsibility to mandamus particularly since one purpose served by the requisite statement of reasons is to facilitate collection of sentencing data, and my position is that when you have the unique set of circumstances that this case presents, two people with similar backgrounds committing the same awful offense, you know, getting into a gunfight and killing somebody, and one person, and having similar guideline ranges. When you talk about sentencing disparities between or among co-defendants, that is not unique. It's not unique here, it's not unique nationally, that is just not unique, and that is not one of the narrowly circumscribed exceptions that we've identified. I understand that, but I think it's wrong that a person, and this is a very broad question, this is an odd set of circumstances, that both cases, well, Mr. Messed's case was indicted first, my client's case was indicted later, they were both assigned to the same judge, that judge took senior status, Mr. Messed's case stayed with that judge, my client's case went to a different judge, they were sentenced two months, two and a half months apart, and there is no explanation by the second judge. I understand. But we don't require an explanation if it's apparent from the record what could have informed the disparity, and let me ask you this, am I right in understanding that while both defendants cooperated, the co-defendants' cooperation came first? Correct. And allowed for the identification of your client as the other shooter? I think that it was identifying information that they had before Mr. Messed cooperated, because there's information in the pre-sentence report that the Buffalo police had DNA and things like that, video, but Mr. Messed nailed it down. It was that Duarte was going to cooperate against your client as the other shooter in this murder, whereas your client's cooperation, as far as I can see, pertained to other drug trafficking organizations, and without ourselves assessing it, it does seem that a district court could reasonably view these as cooperations of a different kind, and that could inform the sentence. So I'm not sure I see that you've got identical circumstances here. Nothing's ever identical. I mean, it's still — I am aware of that. But you're complaining that your client was sufficiently similar that he should have gotten the same sentence. I'm not saying that. I'm saying that he shouldn't have gotten the sentence he received, which was 90 more months, 7 1⁄2 years longer than his co-defendant who was there and pulling the trigger at the same time as my client.  I'm just wondering about the differences in the circumstances of their cooperation. Don't we also say that there's a range of reasonable sentences and that a judge can — once a judge considers that they're co-defendants or any of the other 3553A factors, they don't have to hit a precise sentencing mark. They have to be within the range that's reasonable, which we've indicated in Caveira and Jones and other cases, is quite a broad one. I agree. All right. So you have to show us that the district court failed to consider the co-defendant and that this sentence is outside the range of reasonable sentences for someone who participated in a murder, right? Correct. Okay. So the sentencing range for the co-defendant was 360 to life. It was dropped down to 235 to 292. Let me ask you this. If the co-defendant were not an issue in this case, are you taking the position that this sentence is substantively unreasonable? No. Okay. So it's just by virtue of comparison. And it's a twist of fate. If Mr. Duarte had been arrested first, he probably would have cooperated against Mr. Merced. I know we don't, but he did eventually cooperate, and his cooperation was pretty significant. And it wasn't just about drug dealing. It was about a series of shootings and murders around Western and Central New York. Really your point is that you think that the legal regime currently in place is wrong. No, I think it has to be enforced. It has to be enforced. It can't just be a twist of fate. It can't be a lottery. And that's my only point. Thank you very much. I thank you very much. You've not reserved time for a rebuttal, is that correct? No, I haven't. Thank you, Your Honors. We'll hear from the government. May I please the Court? My name is Laura Higgins. I am an Assistant United States Attorney in the Western District of New York, and I represent the United States on this appeal. The Court should affirm for three reasons in this case. First, as all of Your Honors have identified, there is an appellate waiver in this matter, and it is enforceable. The law provides that it is presumptively enforceable in most situations, and only in limited situations should the Court ever not enforce a properly entered appellate waiver, such as when it's not knowing or voluntary, where the sentence is based on an impermissible factor, where the government breached the plea agreement, or where the Court fails to enunciate any rationale for the sentence. None of those circumstances are present here. District Court Judge Villardo complied with the law at sentencing. He considered all of the 3553A factors. He specifically discussed both the nature of the offense and the defendant's history and characteristics when he actually imposed the sentence. And the law just does not require what the defendant now seeks, which is a specific explanation of why the defendant's sentence is 90 months longer than his separately charged defendant, Ramirez-Merced. This Court has refused to require sentencing judges to mention each and every 3553A factor or explain how each factor affects the Court's sentence. That's when it's apparent on the record why the Court would have thought of the cases as different. And we give considerable deference to the District Judge's assessment. What would be the basis for a 90-month difference? Judge, there are three reasons that I and I did not handle the matter below, nor did I obviously have conversation with Judge Villardo aside from what's in the record at sentencing. But the things that I think he could have identified as differentiating between Defendant Ramirez-Merced and Defendant Duarte include, first, the fact that Your Honor identified the value of the cooperation that each provided. Indisputably, Defendant Ramirez-Merced's cooperation led to the prosecution of Defendant Duarte. He cooperated early, and he delivered justice for the government with respect to Defendant Duarte. It's not a big mystery, right? I mean, Mr. Duarte's counsel said at his sentencing, there's this other guy, Ramirez-Merced, who got 20 years, and you should just give him 20 years, right? And the government said, no, but Ramirez-Merced is not the same because he provided all this cooperation. It wouldn't be here but for his cooperation. That's all in the record of his sentencing, right? That's right. And the district court judge, there's no reason to believe he did not consider all that. It was presented. It was argued by the parties at the time of sentencing. The second difference that Your Honor was asking about between Ramirez-Merced and Duarte is the actual offenses of conviction. Defendant Duarte was convicted of a 924J, which has a mandatory minimum of 10 years and a max of life. Defendant Duarte was convicted of a heroin conspiracy under Title 21 United States Code, Section 846, combined with a 924C conviction for discharging a firearm in furtherance of drug trafficking. That 924C carries the same 10-year mandatory minimum and the same max of life, but the way the guidelines apply to those offenses of conviction are measurably different. One has to be imposed consecutively to the other in Defendant Duarte's case and in Defendant Ramirez-Merced's case, he just had the 924J conviction. That was because that was the deal that was struck with him. That's right. And it's the gut. All these things ultimately come, though, to a question about how are they differently situated? Did I misunderstand that Duarte basically gave the police the, I'm sorry, that the co-defendant gave the police Duarte as the other participant in this shooting? Counsel suggested to me that that was already known to them. I just want to be clear on that. Judge, I don't know whether Duarte's identity was actually known to the investigators as I stand here now, and I don't think it's in the record about whether he had been identified in some other way. But what is sure and is clear is that Ramirez-Merced provided testimony against Defendant Duarte and put the government in a position to have a case to prove beyond a reasonable doubt Duarte's involvement. So even if he were identified, and I apologize, Judge, I don't know the that Ramirez-Merced decided to start cooperating. I don't know if Duarte had been identified. But what's clear is Ramirez-Merced delivered up to the government a provable case against Duarte. And then his identity... Not by testifying, right? Judge, no, he did not actually testify at trial. He did, I believe he testified in the grand jury, Judge, and his identity was also revealed through the course of the litigation of Duarte's case. I mean, at sentencing, when you read the transcript, you see Defendant Ramirez-Duarte's, and we're discussing him now, where, I mean, he was publicly identified as a cooperator, which put him at great risk and is certainly a proper reason for both of the district court judges involved in these matters to afford him a greater benefit than what was afforded to Defendant Duarte. The final difference that I'll identify to the court is the criminal history category. Defendant Duarte had a criminal history category of four, and Defendant Ramirez-Merced had a criminal history category of three. The complaint here, judges, is that there is a disparity that was not considered between these two co-defendants or separately charged defendants. But as the court has held in the United States v. Frias, and recently applied in the United States, that does not explain sentencing differences between co-defendants. That is my ultimate argument. Because the defendant here is now complaining and asking for his waiver of appeal to be voided because the sentence was imposed contrary to law, we get to the merits very quickly, Judge. And so I guess the disparity here was considered by Judge Villardo. He actually expressly said that he's considered the need to avoid unwanted disparities in this sentencing. He was aware of Defendant Ramirez-Merced's case. He was aware of the sentence. He even heard the argument about, from Defendant Duarte's defense counsel, about imposing a 240-month sentence consistent with Defendant Ramirez-Merced. So unless there are any other questions, I respectfully request this Court affirm. And I thank you.  We'll reserve the seat.